IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **DAVID UPCHURCH** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| vs. | §   Case No. |
| | § |
| **UNUM GROUP CORPORATION** a/k/a **UNUM PROVIDENT** | § |
| | § |
| **Defendant.** | § |

_____

**COMPLAINT**
_____

COMES NOW THE PLAINTIFF, David Upchurch, by and through his counsel of record Eskins King, P.C. and files this his lawsuit against the above-named Defendant, Unum Provident, and showing as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1.       The Plaintiff, David Upchurch, is a citizen and resident of Memphis, Shelby County, Tennessee.

2.       The Defendant, Unum Group Corporation a/k/a/ UNUM Provident Corporation, (hereafter UNUM) offers a disability benefit plan to eligibility

participants such as Plaintiff. UNUM's registered agent for services of process is CT Corporation System 800 S Gay Street, Suite 2021 Knoxville, TN 37929.

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. 1331 and the Employee Income Retirement Security Act (ERISA) including, but not limited to, the following sections: Section 502(a)(1)(B) at 29 U.S.C. § 1132(a)(1)(B); Section 502(g) at 29 U.S.C. §1132(g).

4. Venue is proper in this court under ERISA, Section 502(e)(2) at 29 U.S.C. §1132(e)(2). The cause of action arose within the jurisdictional limits of this court and the denials at issue were sent by UNUM to Plaintiff at his address in Memphis, Shelby County, Tennessee which is within the jurisdictional limits of this court.

## II.

### FACTUAL BASES FOR SUIT

5. As an eligible participant through his former employer Costco, Plaintiff applied for UNUM disability benefits.

6. Defendant paid disability benefits under the "your regular occupation" definition but, after 12 months, denied disability benefits under the "any gainful occupation" definition.

7. On June 3, 2010, despite Plaintiff's significant, multiple physical problems, and the associated problems of pain, and the side effects of medication, and the corroborative information supplied in writing to UNUM and orally to

UNUM's case manager, UNUM issued a final administrative denial of Plaintiff's benefits.

8. UNUM's conclusions in its denial(s) contradict Plaintiff's individualized situation, his documented inability to work, and the plain meaning of the terms within UNUM's own plan. Additionally, UNUM's conclusions are arbitrary and capricious.

9. Based upon Plaintiff's documented inability to work due to Plaintiff's medical conditions, Plaintiff was awarded disability benefits from the United States Social Security Administration in September 2010. The award of disability benefits from the Social Security Administration furthers the conclusion that UNUM's decision is arbitrary and capricious.

## III.

## CAUSES OF ACTION

10. Plaintiff restates and incorporates paragraphs 1- 9 as is set fort fully herein verbatim.

11. UNUM's decision cost Plaintiff disability benefits for which he paid, and for which he was eligible. Accordingly, Plaintiff must bring this suit pursuant to ERISA for the following:

A. Payment of All Disability Benefits Owed (Back and Future Disability Benefits);

B. Payment of Attorneys Fees and Costs.

WHEREFORE, PREMISES CONSIDERED, plaintiff seeks recovery from the defendant, demanding judgment against it for the back disability benefits owed; future disability benefits; pre-judgment interest; attorneys' fees, costs, interest, and any further legal or equitable relief available.

Respectfully Submitted,

**ESKINS KING, P.C.**

By**:**   /s James E. King, Jr.
James E. King, Jr. (021219)
Bradley W. Eskins (19348)
50 North Front Street Ste 590
Memphis, TM 38103
Telephone: 901-578-6902
Facsimile: 901-578-8690

ATTORNEYS FOR PLAINTIFF